13914

PRICE v. LIFE INSURANCE COMPANY OF VIRGINIA

(176 S. E., 312)

*Messrs. Thomas, Lumpkin & Cain,* for appellant,

*Mr. Edwin A. Cooper,* for respondent,

October 1, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

Pursuant to petition of the defendant, asking for rehearing in this case, a rehearing was granted and the case reargued. The opinion herebefore filed in the case is withdrawn and the following substituted in lieu thereof as the opinion of the Court in the cause:

This action, by Bessie M. Price, administratrix, as plaintiff in the cause, was instituted in the County Court for Richland County, February, 1932, to recover against the defendant, the Life Insurance Company of Virginia, judgment in the sum of $848.00, representing the aggregate face amounts of two policies of insurance issued by the defendant on the life of the plaintiff's husband, Campbell Price, who, according to the allegations of the complaint, left his home on the 4th day of September, 1922, and has not been heard from since that time; the plaintiff alleging, upon information and belief that the said Campbell Price was killed

on or about the said date, September 4, 1922. In its answer the defendant admitted the issuance of the policies in question, but denied the remaining allegations of the complaint; and, further, alleged that the said policies, in accordance with the terms therein, became lapsed, null, void, and of no effect on the 20th day of November, 1922, because of the nonpayment of the premiums thereon, and have since that time remained lapsed and of no effect. As a further defense and by way of plea in bar, the defendant alleged that even if a cause of action accrued in favor of the plaintiff against the defendant under said policies, more than six years have elapsed since the said cause of action, if any, accrued, and for that reason the defendant further alleged that such claim or cause of action is now precluded and barred by the statutes of limitation, and the defendant pleaded the said statutes in bar to the action in question.

Issues being joined, the case was tried in said Court before his Honor, Hon. M. S. Whaley, Judge of said County Court, and a jury, resulting in a verdict for the plaintiff for the full amount sued for. Thereafter, the defendant made a motion for a new trial, which motion his Honor, Judge Whaley, refused, and from judgment entered on the verdict the defendant has appealed to this Court.

The allegations of error imputed to the trial Judge by appellant are set forth under seven exceptions, but, as stated in appellant's brief, there seem to be but four questions involved in the appeal, namely:

"1. Was the evidence tending to establish the death of the insured prior to the date the policies lapsed sufficient to warrant its submission to the jury?

"2. Was the cause of action upon the policies barred by operation of the Statute of Limitations, since it necessarily arose prior to the lapsing of the policies for nonpayment and suit was not instituted within the required time?

"3. Was there error on the part of the trial Judge in holding that the issue of waiver was involved in the case?

"4. Did the trial Judge err in refusing to grant a new trial upon after-discovered evidence?"

We shall consider only two questions, the question regarding the statutes of limitation and the question regarding waiver.

In her complaint the plaintiff alleges, on information and belief, that her husband, the said Campbell Price, died about September 4, 1922, and offered testimony which she contends tends to prove this allegation. Conceding, for the purpose of answering the question, that Campbell Price died September 4, 1922, then the plaintiff must lose on account of the statutes of limitation, for the action was not instituted until in February, 1932, long after the expiration of the six-year period for instituting such actions.

However, under our view of the testimony, no reasonable inference could be drawn therefrom tending to prove that Campbell Price died on the date alleged, September 4, 1922. According to the testimony of Mrs. Bessie Price, the plaintiff in the cause and her son, the said Campbell Price left his home, in the City of Columbia, S. C., where he had been residing with his family, consisting of his wife and several children, for several years, September 4, 1922, and has not been heard of since. This testimony seems to be in accord with other testimony adduced on the trial of the case and submitted to the jury. In this connection we may further state that the testimony tends to show that the wife of the insured made an honest effort to locate her said husband, but was unable to do so or to obtain any information concerning him from the day he left home, September 4, 1922, to the time she testified in the trial of the case. According to Mrs. Price's testimony, Mr. Price went away on the date named for the purpose of purchasing a tract of land near the town of Blythewood, S. C., where he was born and reared, and where some of his relatives resided at the time in question, taking with him the sum of $500.00 in cash, money he and his wife had saved up from their daily labor from year to

year. There was, also, testimony to the effect that the insured, though an uneducated man, was a hard working man and made a good living for his family and manifested a love for his wife as well as for his children. At the time of leaving home, Mr. Price was 43 years old and had been married to his said wife 22 years. It also appears from Mrs. Price's testimony that when Mr. Price left home on said date, September 4, 1922, he told her that if he did not return that night he would spend the night at his uncle's place, which was near the vicinity he intended going. According to the testimony of Mrs. Price's son, George Price, who was about ten years old, he saw Mr. Price get in a buggy with a negro on the date named, near Richland mills, and that his father told him at the time he was going out in the country.

The above testimony constitutes all of the testimony bearing on the facts and circumstances regarding the disappearance of Mr. Price. We agree with appellant's contention that there is an absence of any testimony tending to show that the insured expected or was exposed to any danger at that time or that he expected to go upon any prolonged journey and, therefore, it cannot be assumed that he died at that time. Under our view of the case, based on the record before us, in the absence of any testimony tending to show that Mr. Price died within seven years from September 4, 1922, or as to when he died, it must, under the rule, be assumed that he lived for seven years after his departure from home, September 4, 1922, and during that time, in order to keep the said policies alive, it was necessary to pay the premiums on the same, which was not done. It appears from the record that the last premium was paid October 9, 1922, and that, under the terms of the policies, the policies expired November 20, 1922. The respondent takes the position that the insurance company waived the payment of premiums on the policies and that, therefore, the policies were of full force and effect at the time of the presumed death of the insured, which, under

our view of the record, is presumed to have occurred September 4, 1929. Of course, under the rule, recognized in this State, the presumption that the insured died September 4, 1929, is rebuttable; but we fail to find any testimony in the record warranting an inference that he died at any other time and to remove this presumption some testimony must be produced In this connection, see the rule declared in the case of *Corley v. Holloway*, 22 S. C., 385, and the case of *Chapman v. Cooper*, 5 Rich. Law, 452.

As to the question of waiver of the payment of the premium on the policies by the insurance company, after further study of the testimony, in connection with the entire record, we are of the opinion that the record did not warrant the trial Judge in submitting that issue to the jury. Mrs. Price, in the course of her testimony, stated in this connection that after her husband had been gone for a few weeks and she had been unable to locate him she had a talk with Mr. Fox, assistant superintendent of the insurance company, and related to Mr. Fox the fact that her husband had gone away and that she had been unable to locate him, and asked Mr. Fox about paying the amount of the policies in question. In this connection she testified:

"Q. What did you do in a few weeks? A. I asked them to pay the money. They said they couldn't pay it then. They said maybe they could after seven years; they said maybe they could after seven years if he was not heard of.

"Q. How long did you pay the premiums on the policy after your husband was missing? A. I don't just remember that, but about a month, I think it was.

"Q. And then you just voluntarily discontinued making payments? A. No, sir; I didn't keep it up after he was given up for dead. It looked like I couldn't keep it up because I had no money and couldn't hardly live. I couldn't hardly make a living."

It is the contention of the respondent that she had a right to infer from the action and statements of Mr. Fox that

she would not be required to pay any further premiums. In our opinion, this contention is not sustained by the record. We think, therefore, as stated, that his Honor was in error in submitting the issue of waiver to the jury.

It is, therefore, the judgment of this Court that the judgment of the lower Court be, and the same is hereby, reversed, and the case remanded for entry of judgment for the defendant under Rule 27.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.